AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DEMOND BOYKINS<br><br>Defendant(s) | )<br>)<br>)  Case No. 8:19-MJ-2263-T-AAS<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 23, 2019__ in the county of __Pinnellas__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Brett McKean
_Printed name and title_

Sworn to before me and signed in my presence.

Date: September 23, 2019

_____
Judge's signature

City and state: Tampa, Florida

Amanda Arnold Sansone
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Brett McKean, being duly sworn, depose and state:

1. I am a Special Agent with the U.S. Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been employed by ATF since February 2019. I have completed the Federal Law Enforcement Training Centers training course for Investigators and ATF's Special Agent Basic Training. During this training, I learned federal firearm statutes as well as other violations of the United States Code, including violent crimes and narcotic offenses. Prior to my employment with the ATF, I worked for the St. Petersburg Police Department (SPPD) for seven (7) years. I worked as a detective for five (5) years where I worked in the Career Offender Unit, Burglary and Property Crimes Unit, the Major Crimes Homicide Unit, and the Special Investigations Unit. Throughout the course of my career with the SPPD, I worked and lead numerous, complex investigations.

2. I submit this affidavit in support of a criminal complaint charging Demond BOYKINS, with committing the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

3. This affidavit is based on my personal knowledge, information from my fellow law enforcement officers (particularly from the SPPD) and other reliable sources. This affidavit is only for a limited purpose, that is, to demonstrate to a neutral magistrate judge that probable cause exists that BOYKINS committed the crime alleged. I have not included every fact known but just those necessary to demonstrate that probable cause exists.

## Probable Cause

4. On September 23, 2019, at approximately 8:45 am, the SPPD received a 911 call for a subject who was unconscious sitting in the driver's seat of a vehicle parked at a gas station in St. Petersburg, FL. A six-year-old child was the lone passenger in the vehicle.

5. Upon arriving to the scene, SPPD officers initially observed the child unsuccessfully attempting to wake the driver who was later identified as BOYKINS. After removing the child from the vehicle, officers then approached the driver in attempt to wake him up. As the officers made contact with BOYKINS, several items of narcotics paraphernalia where observed in plain view throughout the vehicle which led the officers to remove BOYKINS from the vehicle.

6. After removing BOYKINS from the vehicle, a HiPoint, model JCP, .40 caliber firearm, was observed in plain view on the driver's side floor board of the vehicle. Specifically, the handle was sticking out onto the floorboard, while the remainder of the gun was obscured by the front seat. Nothing was on top of the handle or blocking the handle from direct view. Based on my training and experience, the placement of this gun evinces a desire on the part of the driver to be able to access the gun quickly, as the handle is where someone would grab a gun. The firearm was loaded with 9 rounds of .40 caliber Winchester ammunition.

7. In addition to the firearm, approximately 4 grams of suspected crack cocaine, 2 grams of suspected heroin, several plastic baggies and a digital scale were

also located in the vehicle. BOYKINS denied possession of all contraband during a post Miranda interview.

8.   As officers were processing the scene, a female subject claiming to be BOYKINS' girlfriend of five years arrived at the scene, visually upset. This subject advised BOYKINS had been up since early Saturday morning without having any sleep. She claimed the vehicle BOYKINS was found unconscious in was in fact the same vehicle he has been in possession of ever since they began dating.

9.   ATF SA Jeff Burt, an interstate nexus expert, determined that the HiPoint pistol was not made in Florida. It would, therefore, have had to travel in interstate and/or foreign commerce prior to arriving in Florida.

10.   The Florida Department of Corrections database shows that Demond BOYKINS has been convicted of the following felony offenses:

   a. Sale of Cocaine, in Pinellas County, Florida, on or about 09/04/2014 (Case # 12-22268);

   b. Sale of Cocaine, in Pinellas County, Florida, on or about 07/17/2009 (case # 07-5402);

   c. Robbery, in Pinellas County, Florida, on or 07/21/1998 (case # 97-21488)

11.   According to Florida's Department of Corrections, BOYKINS served in excess of a year of imprisonment for at least one of the above felonies.

12.   On or about September 23, 2019, I queried the Florida Office of

Executive Clemency database to determine whether or not BOYKINS' right to possess firearms had been restored. The query came back with negative results.

## CONCLUSION

11.  Based upon the foregoing information, your affiant respectively submits that there is probable cause to believe that Demond BOYKINS, DOB: 09/10/1980, committed the offense of Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

_____
Brett McKean
Special Agent, ATF

Subscribed and sworn before me
in Tampa, Florida this 23rd day of September 2019.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge